1 | RICHARD C. JOHNSON (SBN 40881)
SHAAMINI A. BABU (SBN 230704)
2 | SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3 | San Francisco, CA 94104
(415) 882-7900 – Telephone
4 | (415) 882-9287 – Facsimile
djohnson@sjlawcorp.com
5 | sbabu@sjlawcorp.com

6 | Attorneys for Plaintiffs

7 | PAUL V. SIMPSON, BAR NO. 83878
MARINA C. GRUBER, BAR NO. 271542
8 | Simpson, Garrity, Innes & Jacuzzi
Professional Corporation
9 | 601 Gateway Boulevard, Suite 950
South San Francisco, CA  94080
10 | Telephone:  (650) 615-4860
Fax:  (650) 615-4861
11 | psimpson@sgijlaw.com
mgruber@sgijlaw.com
12
Attorneys for Defendant
13

14

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., | Case No.: 11-3337 MEJ (LB) |
|---|---|
| Plaintiffs, | **STIPULATION AND JOINT REQUEST TO VACATE PRE-TRIAL AND TRIAL DATES** |
| v. | |
| JOE HY WANG, individually, and *dba* J W CARPET & FLOORING *aka* JOE WANG CARPET AND FLOORING, | |
| Defendant. | |

The Complaint in this action was filed on July 7, 2011, to recover monies owed by Defendant Joe Hy Wang, dba JW Carpet & Flooring aka Joe Wang Carpet and Flooring ("Defendant") to Plaintiffs District Council 16 Northern California Health & Welfare Trust Fund,

1   et al. ("Funds") based upon an audit of Defendants' records conducted on or about August 2009.[1]

2   Plaintiffs recently discovered that Defendants owe additional monies to the Trust based upon on

3   audit conducted on or about March 2012.[2]   Due to the recent developments, the parties hereby

4   stipulate to the following with respect to the Case Management Order issued on April 5, 2012, and

5   jointly request to vacate the trial date.   Docket No. 30.

6   A.      Deadline to Amend

7           Pursuant to the Case Management Order dated April 5, 2012, Plaintiffs will file a First

8   Amended Complaint by July 23, 2012, to include claims relating both audits conducted in August

9   2009 and March 2012.

10  B.      Settlement Conference

11          Pursuant to this Court's Order Regarding Settlement Conference dated April 10, 2012, the

12  parties intend to meet and confer by August 1, 2012, exchange settlement conference statements

13  by August 8, 2012, and participate in the Settlement Conference on August 21, 2012, with Judge

14  Beeler.  Docket No. 31.

15  C.      Close of Discovery

16          In the event the parties do not reach a settlement, the parties will complete discovery by

17  October 16, 2012, pursuant to the Case Management Order dated April 5, 2012.  If additional time

18  is necessary to complete discovery in light of the fact that a First Amended Complaint will be

19  filed, the parties will file a subsequent request for additional time with the Court.

20  D.      Dispositive Motions

21          In the event the parties do not reach a settlement, the parties shall file, serve, and notice

22  dispositive motions by November 15, 2012, to be heard on December 20, 2012, pursuant to the

23  Case Management Order dated April 5, 2012.  If additional time is necessary to file dispositive

24

25  [1] The August 2009 audit covered the period from January 1, 2005, through October 31, 2008, and as explained in the Complaint included an audit of hours worked by Defendant's employee Stephen Hoac's from November 1, 2007, through July 31, 2009.

26  [2] The March 2012 audit covered the period November 1, 2008, through July 31, 2011.  The draft audit report was provided to the Defendant on April 2, 2012, and the final audit report was provided to Defendant on June 15, 2012.

27

28

1  motions in light of the fact that a First Amended Complaint will be filed, the parties will file a

2  subsequent request for additional time with the Court.

3  E.    Expert Witnesses, Pre-Trial Conferences and Trial

4         As set forth above, the parties will attempt to settle this matter and if they are unable to

5  reach a settlement the parties will attempt to complete discovery and motion work in accordance

6  with the Court's currently calendared deadlines.  However, additional time may be necessary

7  given that the Funds will be filing a First Amended Complaint.  As such, the parties respectfully

8  request the Court to take the expert witness disclosure and trial paper deadlines off calendar, and

9  to vacate the pre-trial conferences and trial date specified in the Case Management Order dated

10 April 5, 2012.   The parties will notify the Court of the outcome of the Settlement Conference and

11 propose alternative pre-trial and trial dates if they do not reach a settlement.

12 Dated:  July 10, 2012

13                                    SALTZMAN & JOHNSON
                                     LAW CORPORATION
14
                          By:    _____/ s /_____
15                               Shaamini A. Babu
                                 Attorneys for Plaintiffs
16
   Dated:  July 10, 2012          SIMPSON GARRITY INNES &
17                                JACUZZI PC

18                        By:    _____
                                 Paul Simpson
19                               Attorneys for Defendants

20 ORDER

21        Based on the foregoing and good cause appearing, the expert witness disclosure and trial
22 paper deadlines are hereby taken off calendar, and the pre-trial conference dates and trial date are
   hereby vacated.  The parties shall notify the Court of the outcome of the Settlement Conference
23 calendared for August 21, 2012, and shall propose alternative pre-trial and trial dates if the matter
   does not settle.
24

25 IT IS SO ORDERED.

26 Date:     July 11, 2012          _____
27                                THE HONORABLE MARIA-ELENA JAMES
                                  UNITED STATES MAGISTRATE JUDGE
28