1  RICHARD C. JOHNSON (SBN 40881)
   SHAAMINI A. BABU (SBN 230704)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900 – Telephone
4  (415) 882-9287 – Facsimile
   djohnson@sjlawcorp.com
5  sbabu@sjlawcorp.com

6  Attorneys for Plaintiffs

7  PAUL V. SIMPSON, BAR NO. 83878
   MARINA C. GRUBER, BAR NO. 271542
8  Simpson, Garrity, Innes & Jacuzzi
   Professional Corporation
9  601 Gateway Boulevard, Suite 950
   South San Francisco, CA 94080
10 Telephone: (650) 615-4860
   Fax: (650) 615-4861
11 psimpson@sgijlaw.com
   mgruber@sgijlaw.com
12
   Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., | Case No.: 11-3337 MEJ (LB) |
|---|---|
| Plaintiffs, | **STIPULATION AND JOINT REQUEST TO VACATE PRE-TRIAL AND TRIAL DATES** |
| v. | |
| JOE HY WANG, individually, and *dba* J W CARPET & FLOORING *aka* JOE WANG CARPET AND FLOORING, | |
| Defendant. | |

The Complaint in this action was filed on July 7, 2011, to recover monies owed by Defendant Joe Hy Wang, dba JW Carpet & Flooring aka Joe Wang Carpet and Flooring ("Defendant") to Plaintiffs District Council 16 Northern California Health & Welfare Trust Fund,

et al. ("Funds") based upon an audit of Defendants' records conducted on or about August 2009.[1] Plaintiffs recently discovered that Defendants owe additional monies to the Trust based upon on audit conducted on or about March 2012.[2] Due to the recent developments, the parties hereby stipulate to the following with respect to the Case Management Order issued on April 5, 2012, and jointly request to vacate the trial date. Docket No. 30.

A. <u>Deadline to Amend</u>

Pursuant to the Case Management Order dated April 5, 2012, Plaintiffs will file a First Amended Complaint by July 23, 2012, to include claims relating both audits conducted in August 2009 and March 2012.

B. <u>Settlement Conference</u>

Pursuant to this Court's Order Regarding Settlement Conference dated April 10, 2012, the parties intend to meet and confer by August 1, 2012, exchange settlement conference statements by August 8, 2012, and participate in the Settlement Conference on August 21, 2012, with Judge Beeler. Docket No. 31.

C. <u>Close of Discovery</u>

In the event the parties do not reach a settlement, the parties will complete discovery by October 16, 2012, pursuant to the Case Management Order dated April 5, 2012. If additional time is necessary to complete discovery in light of the fact that a First Amended Complaint will be filed, the parties will file a subsequent request for additional time with the Court.

D. <u>Dispositive Motions</u>

In the event the parties do not reach a settlement, the parties shall file, serve, and notice dispositive motions by November 15, 2012, to be heard on December 20, 2012, pursuant to the Case Management Order dated April 5, 2012. If additional time is necessary to file dispositive

---

[1] The August 2009 audit covered the period from January 1, 2005, through October 31, 2008, and as explained in the Complaint included an audit of hours worked by Defendant's employee Stephen Hoac's from November 1, 2007, through July 31, 2009.

[2] The March 2012 audit covered the period November 1, 2008, through July 31, 2011. The draft audit report was provided to the Defendant on April 2, 2012, and the final audit report was provided to Defendant on June 15, 2012.

motions in light of the fact that a First Amended Complaint will be filed, the parties will file a subsequent request for additional time with the Court.

E.  Expert Witnesses, Pre-Trial Conferences and Trial

As set forth above, the parties will attempt to settle this matter and if they are unable to reach a settlement the parties will attempt to complete discovery and motion work in accordance with the Court's currently calendared deadlines. However, additional time may be necessary given that the Funds will be filing a First Amended Complaint. As such, the parties respectfully request the Court to take the expert witness disclosure and trial paper deadlines off calendar, and to vacate the pre-trial conferences and trial date specified in the Case Management Order dated April 5, 2012. The parties will notify the Court of the outcome of the Settlement Conference and propose alternative pre-trial and trial dates if they do not reach a settlement.

Dated: July 10, 2012

SALTZMAN & JOHNSON
LAW CORPORATION

By:  /s/
Shaamini A. Babu
Attorneys for Plaintiffs

Dated: July 10, 2012

SIMPSON GARRITY INNES &
JACUZZI PC

By:  _____
Paul Simpson
Attorneys for Defendants

ORDER

Based on the foregoing and good cause appearing, the expert witness disclosure and trial paper deadlines are hereby taken off calendar, and the pre-trial conference dates and trial date are hereby vacated. The parties shall notify the Court of the outcome of the Settlement Conference calendared for August 21, 2012, and shall propose alternative pre-trial and trial dates if the matter does not settle.

IT IS SO ORDERED.

Date:  July 11, 2012

_____
THE HONORABLE MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE