MURIEL B. KAPLAN, Esq. (SBN 124607)
SHAAMINI A. BABU (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

PAUL V. SIMPSON, BAR NO. 83878
MARINA C. GRUBER, BAR NO. 271542
Simpson, Garrity, Innes & Jacuzzi
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA  94080
Telephone:  (650) 615-4860
Fax:  (650) 615-4861
psimpson@sgijlaw.com
mgruber@sgijlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, its JOINT BOARD OF TRUSTEES, and DOUG CHRISTOPHER as Trustee, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>JOE HY WANG, individually, and *dba* J W CARPET & FLOORING *aka* JOE WANG CARPET AND FLOORING,<br><br>  Defendant. | Case No.: 11-3337 MEJ (LB)<br><br>**STIPULATION FOR ENTRY OF JUDGMENT** |

IT IS HEREBY STIPULATED and AGREED by and between District Council 16 Northern California Health & Welfare Trust Fund, et al. (collectively "Plaintiffs," "ERISA Plaintiffs" or "Trust Funds") and Defendant Joe Hy Wang, individually and dba J W Carpet & Flooring aka Joe Wang Carpet and Flooring ("Defendant") as follows:

1.   Since 2004 Defendant has been signatory to the Northern California Floor Covering Master Agreement between District Council No. 16 and Northern California Floor Covering Association and Floor Covering Association of the Central Coast Counties (collectively "Bargaining Agreement").

2.   Under the Bargaining Agreement and the governing documents of the ERISA Plaintiffs which are incorporated into the Bargaining Agreement, Defendant is required to pay contributions to Plaintiffs based on the hours worked by the employees of Defendant.

3.   On or about August 2009, an audit was conducted of Defendant's records for the time period January 1, 2005, through October 1, 2008, which also included an audit of hours worked by its employee Stephen Hoac for the time period November 1, 2007, through July 31, 2009 ("2009 Audit").  Plaintiffs claim that the 2009 Audit revealed that Defendant owes contributions in the sum of $54,863.56 with respect to Stephen Hoac.  Defendant disputes said claim.

4.   On or about September 2011, an audit was conducted of Defendant's records for the time period November 1, 2008, through July 31, 2011 ("2011 Audit").  Plaintiffs claim that the 2011 Audit revealed that Defendant owes contributions in the sum of $67,862.53.  Defendant disputes said claim.

5.   Within three (3) days from the date this Stipulation is fully executed by the parties and Magistrate Judge Beeler Plaintiffs shall cause a Dismissal Without Prejudice to be filed with the Court.

6.   In full and final settlement of claims relating to the 2009 Audit and 2011 Audit, Defendant shall pay the total of $38,962.80 as follows:

(a)   On or before September 25, 2012, Defendant shall pay the sum of $3000 which must be received as specified in paragraph 6(e).

(b)   On or before October 25, 2012, Defendant shall pay the sum of $3000 which must be received as specified in paragraph 6(e).

(c)   Beginning on November 25, 2012, and on or before the 25th day of each

1  month thereafter, for a period of twenty-four (24) months, through and including November 25,
2  2014, Defendant shall pay to Plaintiffs the amount of $1,373.45 each month.

3         (d)    Defendant shall have the right to increase the monthly payments at any
4  time without penalty for prepayment.

5         (e)    Checks shall be made payable to the "District Council 16 Health & Welfare
6  Fund" and timely delivered on or before each due date to Shaamini A. Babu at Saltzman &
7  Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or
8  to such other address as may be specified by Plaintiffs.

9     7.  Beginning with contributions due for hours worked by Defendant's employees
10 during the month of August 2012, due on September 15, 2012 and delinquent if not received by
11 the Trust Funds before the last business day of the month, and for every month thereafter
12 Defendant shall remain current in contributions due to Plaintiffs under the Bargaining Agreement
13 and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust
14 as amended.

15     8.  In the event that Defendant fails to timely make any settlement payment specified
16 herein, or if payment is made and fails to clear the bank, or is unable to be negotiated for any
17 reason Defendant shall be considered to be in default of this Stipulation.

18     9.  In the event of a default, Plaintiffs will provide Defendant with written notice of the
19 default by fax and mail at Joe Wang dba JW Carpet & Flooring, 116-A Starlite Street, South San
20 Francisco, CA, 94080, 650-636-1511, allowing seven (7) days from the date of the written notice
21 to cure the default.  All future payments shall be made by cashier's check if the default was caused
22 by a failed check and was cured.

23     10. In the event that a default is not timely cured, the following will occur:

24         (a)    The entire balance of **$38,962.80** as specified in paragraph 6, reduced by
25 payments received from Defendant, plus 5% interest from date of the default and 10% liquidated
26 damages shall be immediately due and payable, together with reasonable attorneys' fees and costs
27 as a result of Defendant's default.

28

(b)     Plaintiffs shall file a Complaint for the sole purpose of entering Judgment pursuant to this Stipulation. Judgment for the amounts specified in paragraph 10(a), above, shall be immediately entered in the United States District Court for the Northern District of California. Plaintiffs shall not allege additional claims in this action.  However, Plaintiffs may file subsequent actions for claims unrelated to this Stipulation as indicated in paragraph 11, below.

(c)     A writ of execution may be obtained against Defendant for the amounts specified in paragraph 10(a), above, upon declaration by a duly authorized representative of the Plaintiffs.  Defendant specifically consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution herein.

11.     Plaintiffs reserve all rights and remedies available under the applicable Bargaining Agreement and Declarations of Trust for recovery of all other amounts owed by Defendant, including but not limited to, contributions found due for periods after July 1, 2011, current and future contributions as may be determined by Plaintiffs pursuant to employee timecards or paystubs, by audit, or other means.

12.     Joe Wang acknowledges that he is doing business individually and as JW Carpet & Flooring aka Joe Wang Carpet and Flooring.  Joe Wang specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein.  Joe Wang acknowledges and agrees that he is personally guaranteeing all amounts to be paid in connection with the Stipulation, and further acknowledges that any and all successors in interest to JW Carpet & Flooring aka Joe Wang Carpet and Flooring, as well as any assigns, and/or affiliated entities and/or purchasers, shall be contractually bound by the terms of this Stipulation.  This shall include any additional entities in which Joe Wang owns or possesses any ownership interest.  All such entities shall specifically consent to the terms herein and to the Court's jurisdiction in writing at the time of any assignment, transfer, affiliation or purchase.

13.     All parties to this Agreement shall bear their own costs and attorneys' fees in connection with this action except as provided in paragraph 10.

14.     This Stipulation constitutes a compromise and settlement of disputed claims.  No action taken by any party, either previously or in connection with this Stipulation, shall be deemed or construed to be an admission of the truth or falsity of any claims asserted by the Plaintiffs or admission of any fault or liability by the Defendant.

15.     Upon full satisfaction of the obligations under this Stipulation by all parties, Plaintiffs irrevocably and forever fully release, waive, discharge and acquit Defendant from any and all rights, claims, actions, demands, liabilities, causes of action, obligations, losses, expenses of any kind, judgments and damages of any kind, whether in law or in equity, and whether arising under federal, state or other applicable law, which any of them now has, at any time heretofore ever had, owned or held, whether known or unknown, and whether or not concealed or hidden, that are based upon, arise from or relate to the subject matter of this Stipulation, including any and all claims arising from or relating to the obligation to make any contributions to any of the Trust Funds under the applicable Bargaining Agreement and Declaration of Trust during the period of January 1, 2005 through July 31, 2011, unless otherwise provided herein.

16.     In the event of the filing of a bankruptcy petition by the Defendant, the parties agree that any payments made pursuant to the terms of this Stipulation, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represents that no bankruptcy filing is anticipated.

17.     Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

18.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

1 | Stipulation.

2 | 19. This Stipulation is limited to the agreement between the parties with respect to the
3 | delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs.
4 | This Stipulation does not in any manner relate to pension withdrawal liability claims, if any.
5 | Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue pension
6 | withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan
7 | Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the
8 | law.

9 | 20. All parties represent and warrant that they have had the opportunity to be or have
10 | been represented by counsel of their own choosing in connection with entering this Stipulation
11 | under the terms and conditions set forth herein, that they have read this Agreement with care and
12 | are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

13 | 21. This Stipulation may be executed in any number of counterparts and by facsimile,
14 | each of which shall be deemed an original and all of which shall constitute together one and the
15 | same instrument.

16 | 22. The parties agree that the Court shall retain jurisdiction of this matter until this
17 | Judgment is satisfied.

Dated: September 8, 2012        Joe Wang dba JW Carpet & Flooring aka Joe
                                Wang Carpet and Flooring

                         By:    _____
                                Joe Wang

Dated: September 10, 2012       Simpson, Garrity, Innes & Jacuzzi P.C.

                         By:    _____
                                Paul V. Simpson
                                Attorneys for Defendant

Dated: September 5, 2012        Saltzman & Johnson Law Corporation

By: _____
Shaamini A. Babu
Attorneys for Plaintiffs

IT IS SO ORDERED.

Based on the foregoing and good cause appearing thereof the Court hereby retains jurisdiction of this action until the terms of this Stipulation for Entry of Judgment are hereby satisfied in full.   The Clerk of Court shall close the file.

Dated: September 17, 2012        _____
MAGISTRATE JUDGE

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — GRANTED, Judge Maria-Elena James]*

-7-
STIPULATION FOR ENTRY OF JUDGMENT
Case No.: 11-3337 MEJ (LB)